## LOO CHIT SAM *et al. vs.* WONG KIM.

### APPEAL FROM COMMISSIONERS OF WATER RIGHTS.

### JANUARY TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

The Court has only appellate jurisdiction from decisions of Commissioners of Private Ways and Water Rights, and will not on appeal complete a decision which was never made.

The principal duty of Water Commissioners is to determine upon evidence and to define what were the ancient and prescriptive rights in controversy.

To decide that certain lands are entitled to the water they have enjoyed by ancient custom, and not to say what proportion of the general water supply this may be, is not sufficient.

Case remitted to the Commissioners.

### OPINION OF THE COURT, PER JUDD, C. J.

THIS is an appeal by defendant from a decision of the Commissioners of Private Ways and Water Rights for the district of Honolulu, concerning certain water rights in Palolo Valley.

The Commissioners sat five days for the hearing of evidence and also visited the *locus in quo.*

By the map in evidence it appears that the matter to be settled was the water rights from several ditches or water courses, and claimed by many different individuals.

The decision of the Commissioners is as follows:

1. "That at the upper ditch of all, sufficient water be taken out of the stream to water the patches on Mahoe's kuleana and crown patches adjoining, and the overflow to run back into the stream.

2. That the new ditch dug by Wong Kim from the spring in the taro patch on Mahoe's kuleana to the Wailupe ditch be done away with, and the overflow from this patch to run into the stream.

3. Open the head of the Wailupe ditch that has been closed up.

4. That the defendant take sufficient water through the Wailupe ditch to water all land in Kaauwaeloa that was planted in taro during the time that said land was in Webster's possession and up to the time of the land coming in possession of the defendant.

5. After the defendant (has) taken out the above water the balance be allowed to run down the stream.

6. That a part of the dam in the auwai from Waiomao be taken away so as to allow the proper amount of water (according to the ancient division) to come through the auwai to the Pukele stream.

7. That the Keaunaia dam be lowered or opened so as to allow the upper (proper) proportion of water according to the ancient division to pass down the stream to Kukekia dam.

8. That the water be taken out at the Kukekia dam to water patches in Kaauwaeloa adjoining the stream and patches on land below on the northwest side of stream. The division of the water to be according to the ancient water days."

Mr. Smith for the defendant, appellant, objects to the first point of the decision and contends that the evidence shows that one-quarter of the water should be allowed to be supplied to the Mahoe kuleana and the crown patches, and that one-quarter should be allowed to flow down the old Wailupe ditch, or west gulch, one-quarter down the main stream and one-quarter down the Waimano ditch.

The defendant has land below, called "Kaauwaeloa," for which he claims water through the old Wailupe ditch, and so contends that one-quarter of the water should be allowed to run down in this ditch to this land.

The difficulty is that the Commissioners decide in point *one* that *all* the water not used on the Mahoe kuleana and crown patches should flow down the "main stream" (not the Wailupe ditch),

and yet in point *four* of the decision say that the defendant " take sufficient water through the Wailupe ditch to water all land in Kaauwaeloa that was planted in kalo in Webster's time," etc.

We are at a loss to see how, if all the water not used on Mahoe's kuleana and crown patches is to flow down the main stream, any water can be taken for the Kaauwaeloa land through the " Wailupe ditch," since the springs in the Mahoe kuleana and the Pukele springs above them constitute the whole source of supply of water for both the "main stream" and the "Wailupe ditch." Moreover, the decision in point *four* is too indefinite to be of any value. It leaves undecided one of the very points in controversy. It reads that defendant is to " take sufficient water to water all land in Kaauwaeloa that was planted in taro during the time that said land was in Webster's possession and up to the time of the land coming in possession of the defendant."

The Commissioners do not determine how much water would be sufficient for this purpose, and we do not find any evidence on record that would enable us to make any decision upon it.

Points five, six, seven and eight of the decision of the Commissioners are open to the same objection. The expressions used, " proper amount of water," " proper proportion of water according to the ancient division," " the division of the water to be according to the ancient water days," leave the vital questions of the amount of water thus attempted to be regulated and distributed subject to further litigation.

This Court has only appellate jurisdiction in such matters, and so far as the above portions of the decisions are concerned there is really nothing definitely decided and no evidence sent up upon which this Court can make a definite judgment.

The principal duty of the Water Commissioners is to determine upon evidence and to define what were the ancient and prescriptive rights in controversy. Now, to announce that certain lands are entitled to the water that they have enjoyed by ancient custom and not to say what proportion of the general water supply this may be, is simply to enunciate a principle of law.

We do not consider it the province of the Supreme Court to complete on appeal a decision which was never made.

Points two and three of the decision are conceded to be correct

by the appellant, and we understand that the orders therein made, as to closing the new ditch from the spring in Mahoe's kuleana to the Wailupe ditch and opening the head of the Wailupe ditch, have been complied with.

As to these points (the second and third) the decision of the Commissioners is affirmed ; as to all the others the case is ordered to be remitted to the Commissioners for determination as to quantity of water, which may be defined and measured either by time of use or in any other way as shall seem just to the Commissioners, according to the rights of the respective parties.

*F. M. Hatch*, for plaintiffs.

*Smith & Thurston*, for defendants.

Honolulu, February 11, 1884.